NO. PD-0396-15
NO. PD-0397-15

**396-15**
**397-15**

In the
Court of Criminal Appeals
At Austin

NO. 14-14-00209-CR
NO. 14-14-00210-CR

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 10 2015

Abel Acosta, Clerk

In the
Court of Appeals
for the
Fourteenth District of Texas
at Houston

NO. 1377006
NO. 1377007
In the 263rd District Court
Harris County, Texas

FILED IN
COURT OF CRIMINAL APPEALS

JUN 10 2015

Abel Acosta, Clerk

Jonathan Glen Johnson
Appellant

V.

THE STATE OF TEXAS
Appellee

Appellant's Petition For Discretionary Review

Jonathan Johnson
Pro Se
701 San Jacinto
Houston, TX 77002

Oral Arguments Requested

# Statement Regarding Oral Arguments

Pursuant to Texas rule of Appellate Procedure 68.4(d) the Appellant request Oral arguments. The Fourteenth Court of appeals failed to hold that the trial Court abused it's discretion when it improperly admitted evidence of extraneous offense in which Appellant was never Convicted of. As evidenced by Case law, legislative history and Criminal law 986.6(3) Vernon's Ann. Texas C.C.P arts 37.07(3)(G), 37-071(a) Prohibits Unadjudicated and specific Acts of misconduct in Sentencing Phase of non-Capital trials.

Additionally the Fourteenth Court of appeals failed to hold that the trial court abused it's discretion by holding Pierre's Positive Identification Sufficent Evidence in admitting the extraneous offenses. Even though he testified he may have mistaken the Appellant for Someone else or Someone else for the Appellant and expressed in his statement he could be wrong and he had doubt, he was unable to Identify Appellant in Open Court.

Finally the Fourteenth Court of Appeals erred in holding that the trial Judge did not Consider improper evidence in Arriving at Appellant Sentence. Due to the trial Judge never deciding whether there was Sufficent Evidence of the extraneous. Contradicting Harris V. State were the Court of Criminal Appeals held, that they were not Concerned about Sufficent evidence, but that evidenced Complained of might have Contributed to the Conviction, to determine this the facts and evidenced adduced at trial must be reviewed.

## Identification Of The Parties

Pursuant to TEX. R. APP. P. 68.4(a), a complete list of the names of all interested parties is provided below.

Counsel for the State:
1201 Franklin, Ste. 600
   Houston, Tx 77022

   Devon Anderson - District Attorney of Harris County
   Katie Davis - Assistant District Attorney on appeal
   Tim Ballengee - Assistant District Attorney at trial

Appellant or Criminal defendant:

   Jonathan Glen Johnson

Counsel for Appellant:

   Dick DeGuerin - Counsel at trial
   1018 Preston Street, 7th floor
   Houston, Texas 77002
   713-223-5959

   Jonathan Johnson - Pro Se litigant
   701 San Jacinto, 7B1-01k
   Houston, Texas 77002

Trial Judge: Hon. Jim Wallace

ii

# Table of Contents

Statement Regarding Oral Argument............1

Identification of the parties............ii

Table of Contents............iii

Index of authorities............iv, V

Statement of the Case............1

Grounds for Review............2

    Did the fourteenth Court of appeals err when it failed to find that the trial court did not abuse it's discretion by improperly admitting evidence of extraneous offenses in the punishment phase in light of Grunsfeld v. State 843. S.W. 2d 521 (Tex.Crim.App.1992) and evidence of extraneous offense that Appellant was never convicted of in light of Murdock v. State (App. 6 Dist 1993) 856 S.W. 2d 262?............2

    Did the fourteenth Court of appeals err when it failed to find that the trial court did not abuse it's discretion by holding Pierre's Positive Identification Sufficent Evidence dispite his testimony of Possibly mistaken Identity, resonable doubt and vision problems Under Article 37.07 T.C.C.P which would violate Due Process to admit Unfounded Prejudicial Allegations?............4

    Did the Fourteenth Court of appeals err when it failed to find that the trial Judge did not consider the evidence of extraneous offense in Punshing appellant because the Judge never made the decision whether there was Sufficent Evidence?............7

Conclusion............9

Certificate of Compliance............10

Certificate of Service............10

# Index of Authorities

## Cases

Blackwell v. State
818 S.W. 2d 134 (App. 10 Dist 1991) . . . . . . . . . . . . . . . . 2,3,4

Chapman V. California
386 U.S. 18.24.87 S.Ct. 824.828 .17 L. Ed .2d 705 (1967) ...9

Delany v. State
12-07-00035-CR. 2008 WL2571715 (Tex. App.-Tyler June 30.2008)..6,7

Grunsfeld v. State
843 S.W. 2d 521 (Tex. Crim. App 1992) . . . . . . . . . . . 2,3,4,5,6,7

Harris V. State
790 S.W. 2d 568 (Tex. Cr. App 1989) . . . . 7,9

Murdock v. State
856 S.W. 2d 262 (App. 6 Dist 1993) . . . . . 2,3,4

Murphy V. State
777 S.W. 2d 44 (Tex. Crim. App 1989) . . . . 3

Townsend v. Burke
334 U.S. 736 (1948) . . . . . 5

## Statutes

Criminal law 986.6(3) . . . . . . . . 2
Criminal law 1165 (1) . . . . . . . . 9
43A Tex. Prac, Criminal and Procedures § 46:118 (93d ed) ...5
Texas. Code. Crim Proc. art. 37.07 (3) (G) . . . . . . . . . . . . 2,3,4
Texas. Code Crim Proc. Ann. art 37.07 (G) (Vernon Supp. 1993)..4
Texas. Code Crim Proc. Ann. art 37-071(G) (Vernon Supp. 1993)..2
Vernons' Ann. Texas C.C.P. art 37.07 (3)(G) , . . . . . . . 2
Vernons Ann. Texas C.C.P. art 37-071(G) . . . . . . . 2
Vernon's Ann. Texas C.C.P. art 44-29(b) . . . . . . . . 2,6

Rules

Tex. R. App. P. 81(b)(2) ... 9

Acts

Code Construction Act (include or including) .... 3

Rules

v

To the Honorable Court Of Criminal Appeals of Texas:

## Statement of the Case

Appellant was charged in two Seperate indictments with Aggrivated Robbery. (1 C.R. at 18; 2 C.R. at 18). On November 7, 2013, he pled guilty, without the benefit of a plea bargain, to both charges (1 C.R. at 54-61; 2 C.R. at 53-60). On January 30, 2014, a Sentencing hearing was held and at the Conclusion of the hearing the Court Sentenced Appellant to fifteen (15) Years Confinement on both Counts with the two Sentences running Concurrently. (1 C.R. at 84-85; 2 C.R. at 85-86). Notice of Appeal was timely filed on February 18 2014. (1 C.R. at 87; 2 C.R. at 88). A motion for new trial was filed on March 3, 2014, but overruled by operation of law without a hearing on April 15, 2014. (1 C.R. at 91-92; 2 C.R. at 92-93).

## Statement of the Procedural History

On March 10, 2015, a Unanimous panel of the Fourteenth Court of Appeals issued an unpublished opinion affirming appellant's Conviction for both Aggrivated Robberies. Johnson V. State, No. 14-14-00209-CR, 2015 (Tex. App. -- Houston [14th Dist] Mar. 10, 2015, pet. filed) (not designated for Publication) (Appendix A). No motion for rehearing was filed. This petition was originally due on April 9, 2015. Due to Unforeseen Circumstances, appellant requested a short extension Until June 8, 2015, to file this petition. At the time of filing, the Court had not ruled on appellant's motion.



## Grounds for Review

Did the Fourteenth Court of Appeals err when it failed to find that the trial court did not abuse it's discretion by improperly admitting evidence of extraneous offenses in punishment Phase in light of Grunsfeld v. State and evidence of extraneous offense that Appellant was never Convicted of in light of Murdock v. State?

The Appeal court uses Article 37.07(3)(a) to Justify the Courts actions in admitting Unadjudicated extraneous offense evidence. However when we take a look at Grunsfeld v. State, writing the majority opinion for the dalles Court of Appeals, Judge John Onion examined the legislative history and intent behind the amendment to article 37.07 (3)(a) and concluded the legislature did not intend to make Unadjudicated offenses and their details admissable in non-Capital trials. Grunsfeld v. State, 813 S.W. 2d 158, 171 (Tex. App-Dallas 1991).

In Blackwell v. State the Appeals court concluded that the trial court erred during punishment phase by admitting evidence of unadjudicated acts of misconduct and remanded the Cause for a new punishment hearing Under Article 44.29(b) Texas. Code. Crim. Proc. Ann. Holding Judge Onion's analysis is more Pursuaive because it harmonizes and gives effect to all provisions of the statue and therefore adopted the ruling in Grunsfeld v. State and applied it there. Blackwell v. State (App. 10 Dist. 1991) 818 S.W. 2d 134.

Mr. Johnson hearing was a non-Capital trial, in Comparison with Grunsfeld and Blackwell Criminal law 986.6(3) State's: Unadjudicate and specific acts of misconduct were not admissable in Sentencing Phase of a non-Capital trials. Vernon's Ann. Texas C.C.P. art 37.07(3)(a), 37-071(a). Therefore the admission of the Unadjudicated extraneous Conduct was inadmissable at mr. Johnson non-Capital trial. The trial Cart acceptance of the alleged extraneous misconduct would go against the statues and Judgement of Judge Onion's analysis and all the Respected courts who adopted it.

2

In murdock v. State evidence of an Unconvicted offense was inadmissable in the punishment phase of the trial. murdock v. State (App. 6 Dist 1993) 856 s.w. 2d 262

The state argued on appeal that the amendment to Article 37.07(3)(a) effectuates the legislature intent to overturn this Court ruling in murphy v. State 777 s.w. 2d 44 (Tex.Cr. App 1989) by now allowing the admission of "any matter the Court deems relevant to Sentencing including Unadjudicated extraneous offenses. Arguing the term "including" is one of inclusion not limitation and therefore admissable evidence in not limited to a defendant Prior record, general reputation and character but may include anything the trial Court deems relevant including evidence of Unadjudicated offenses. The Appeal Court in mr. Johnson case agree's with this and uses it to Justify the trial courts actions.

However the Code Construction act does not provide that use of the term "include or including" will render any following list of components immune from limitation the legislative may ~~intended~~ Chose to impose. Accordingly "insertion of the term "including" does not mean that "any matter the Court deems relevant to Sentencing.

Noted by the dallas Court of Appeals [I]t would not make Sense that the legislature intended that extraneous Unadjudicated offenses and their details be admissable, but that Prior Convictions must be final before being admissable and even then, that details of the Underlying Offenses are to be excluded" Grunsfeld v. State 813. s.w. 2d at 172.

In murphy v. State 777 s.w. 2d at 859 the Appeal courts held "This Court has constantly held that evidence of Specific acts (good or bad) including extraneous Unadjudicated Offenses are inadmissable." "We see no reason to Construe that definition any differently now.

Therefore Article 37.07(3)(a) Cannot Justify the trial Courts action in mr. Johnson's Case because it would Construe the definition held in murphy v. State, Grunsfeld v. State, Blackwell v. State, and murdock v. State. On top of the Extraneous evidence being inadmissable, the extraneous 3

misconduct held against mr. Johnson did not result in a final conviction but a dismissal. This improperly admitted evidence should not have been presented in the punishment hearing.

The purpose of Tex. Code. Crim. Proc. Ann. art 37.07§(a) (Vernon Supp. 1993) as construed by Grunsfeld v. State is to exclude all refrences to extraneous offenses that are not final convictions. In Murdock v. State The Criminal Appeal Court maiority holding Judge Concurred that "Evidence of unadjudicated offenses was improperly admitted during the punishment phase of the trial, finding that the admission of the evidence was an abuse of discretion and we Cannot say beyond a resonable doubt that this error made no Contribution to the punishment and for that reason, the Judgement fixing punishment must be reversed. As Stated in Grunsfeld v. State, Murdock v State and Blackwell v. State Under article 37.07(3)(a) the trial Court improperly admitted evidence of unadjudicated extraneous offenses against mr. Johnson that resulted in no final conviction but a dismissal.

Errors like these are an abuse of discretion in which it Cannot be said beyond a resonable doubt that this error made no Contribution to the punishment. Therefore in Compliance with the Judges and Judgement in the mentioned Cases from the respected appeal courts and Criminal Appeal courts mr. Johnson case should be reversed and remanded.

Did the fourteenth Court of appeals err when it failed to find that the trial Court did not abuse it's discretion by holding Pierre's Positive Identification Sufficent Evidence dispite his testimony of Possibly mistaken Identity, resonable doubt and vision Problems Under article 37.07 T.C.C.P which Would violate Due Process to admit Unfounded Prejudicial Allegations?

The court of appeals held there was Sufficent evidence to conclude mr. Johnson responsible for the extraneous offenses due to the States main and

4

Only witness/evidence Pierre's Positive Photo Identification. However Pierre expressed on multiple occasions he had doubt that it was mr. Johnson. (Supp R.R. at 22,24). Regardless if it was only 1%, doubt is a feeling of uncertainty; Unsure. Pierre went further on to Say he could have mistaken Mr. Johnson to be someone else and confessed to having vision problems. On Cross-examination Pierre answered "yes" when asked does he have difficulty seeing distance. (Supp R.R at 35) He then made the Statement "Sometimes we make mistakes Sometimes we see somebody look like somebody else" "I could be making a mistake at that time yes" (Supp R.R at 35). These 3 statements with inclusion of a fourth statement "I suspect him 99% but that 1% I felt funny" (Supp R.R at 24) without a doubt could not be considered a positive Identification and also could conclude Pierre's was more than 1% Unsure. Note that these Statements came after Pierre was unable to Identify the perpetrator in court. (Supp. R.R at 27). When we look at the Proposition stated by professor Dix and Schmolesky in Townsend V. Burke 334 U.S 736, 740 (1948) "The fundamental right to accuracy in Sentencing is well recognized." (43A Tex. Prac., Criminal Practice and Procedures § 46:118 93d ed).

If accuracy is suppose to play a part in Criminal Practice and Procedures, Then what is ~~accurate~~ accurate of an Uncertain witness except the fact that accurately we can say he is uncertain. (Supp R.R 32,33) As we see in most Death Penalty Cases that are reversed due to a recanting witness. Mr. Johnson Case is no diffrent.

Even if Point of Error #1 is Justified the Appeal courts added in there memorandum: Evidence of extraneous crimes or bad acts is admissable if they are shown beyond a resonable doubt by evidence to have been Commited by the defendant or if he could be held responsible for them. If this holds to be true then without a doubt Evidence of the extraneous offense was inadmissable due to the States only evidence/witness Showed resonable

5

doubt in his testimonies. It cannot be said accurately without doubt that the perpetrator taking off the bandanna in the car was in fact Mr. Johnson because Pierre never saw the Robber enter the car. (Supp R.R at 39)

There is no further evidence connecting Mr. Johnson to the prejudicial and unfounded allegation, which would violate his rights to due process for the trial court to have admit, heard and consider them.

In Delany V. State 12-07-00035-CR, 2008 WL 2571715 (Tex. App.-Tyler June 30, 2008, no pet) The Defendant Pled guilty to a PSI for aggravated Robbery. However the Sentencing hearing revolved around an uncharged investigation against him for murder Presented as an addendum to the PSI the Court of Appeals reversed and remanded the cause Concluding that the Sentencing Court abused it's discretion in considering the evidence regarding the murder.

This Case is no diffrent then Mr. Johnson's case in fact it is Parallel to Delany V. State. When the trial Court Judge made the statement "he did not want to Proceed in the direction of the extraneous if the State was only investigating" Showed he held discretion.

He abused that discretion when he Proceeded to listen to the evidence from an uncharged / Unfinished Investigation By improperly admitting State's Exbit's 2+3 (supp R.R at 52) and testimony into the Punishment hearing.

In Grunsfeld v. State the appeal court stated "The evidence admitted in both cases implicated appellants in offenses which were very Similar in detail to the Subject offense. In light of it's highly Prejudical nature, we cannot say beyond a resonable doubt that the admission of the evidence by the trial Court did not Contribute to the Punishment of Appellants. For this reason herein Stated we affirm the decision of the Court of appeals in Grunsfeld reverse the decision of the Court of Appeals in Hunter and remand both Cases to there respective Courts for Proceedings Consistent with Article 44-29(b) V.A.C.C.P. Grunsfeld V. State 843 S.W. 2d 521 (Tex.Crim.App 1992)

6

Just as in Grunsfeld and Delany the trial court abused it's discretion and violated Mr. Johnson's rights to due process by improperly admitting allegation's and evidence against him as being responsible for the extraneous robberies because it could not be rationally inferred from the evidence that Mr. Johnson had criminal responsibility for the extraneous misconduct.

Did the fourteenth Court of appeals err when it failed to find that the trial Judge did not consider the evidence of extraneous offenses in punishing appellant because the Judge never made the decision whether there was sufficent evidence?

The appeal court contend that there is no evidence to support the trial Judge considered the extraneous evidence in arriving at appellant sentence. Using his statement "that he would make a decision if there is sufficent evidence" Concluding that the Judge never said whether or not he considered the extraneous, or the acts were proven beyond a resonable doubt.

But when we take a look at Harris V. State, the Criminal appeal court held "we are not Concerned here whether there was sufficent evidence on which the petitioner trial could have been Convicted without the evidence Complained of. The question is whether there is a resonable possibility that the evidence Complained of might have Contributed to the Conviction to decide this, it is necessary to reveiw the facts of the Case and evidence adduced at trial." Harris V. State 790 S.W. 2d 568 (Texas. Crim. App 1989). Given this Judgement, if we take a look at the Court records ~~not adjudicated~~ it could be Concluded that the extraneous evidence Complained of Contributed to the punishment. The record would reflect that the Sentencing hearing revolved around the Unadjudicated, Unfounded, Prejudicial extraneous offense evidence adduced at trial. Court records would reflect 13 pages of testimony from 3 victims in both cases mr. Johnson pleaded guilty to. (Supp R.R 7-19)

7

Victims in each case believed in Redemption on Mr. Johnson behalf. (Supp. R.R at 14, 19)

As to the dismissed extraneous offense evidence the Court record would reflect 53 pages of testimony from Pierre and the Investigating detective, (Supp. R.R at 19-71) with two exhibits admitted in the record. On a Percentage scale, 80% of the hearing was surrounded the extraneous offense. Which would Conclude the majority hearing surrounded the extraneous offense evidence.

If the question stated in Harris V. State is Whether the evidence complained of might have Contributed to the Conviction? Then the answer to that question is yes.

In addition the State emphasized on the extraneous offense in the closing argument by asking for the 15 years sentence, not because of what mr. Johnson pleaded guilty to, but what they alleged he did. "He had no reason made bond on two, had his Second Chance, and went out and Committed another. And not only did he commit another three aggravated robberies. He he put another three people in fear of their life and at the risk of death. In total he put Seven diffrent citizens of Harris County in fear of death at the end of his shotgun

He had a chance to make better decisions and he was Given that chance and he committed another aggrivated robbery. He Hasn't accepted responsibility for all his actions and that's why were here today is because he still is not acceoting responsibility. He still doesn't Understand the Consequences of his actions and for that the State asks that the-- that you impose a Sentence of 15 years TDC." (Supp R.R at 102, 103)

This statement would ~~definitly be~~ definently be harmful. Even went further to say "mr. Johnson was given a Second Chance" leaving one to believe that he had a chance of receiving Probation Deferred as his Co-Defendant received. (Supp. R.R at 11)

8

The Court of appeals relied on the Judge Decision of determing Sufficent Evidence to determine whether or not the extraneous evidence Caused harm.

However Criminal law 1165(1) holds " Appelate Courts should not determine harmfulness of error simply by examining whether there exsist overwhelming evidence to support defendants guilt. Rules App. Proc., Rule 81 (b)(2).

In Chapman V. California and Harris V. State. The Appeal Courts held" When we find error in the Proceedings of the Courts below, the error is reversible, Unless we determine "beyond a resonable doubt that the error made no Contribution to the Conviction or to the Punishment" Chapman V. California, 386 U.S. 18, 24, 87 S. Ct. 824, 828, 17 L. Ed 2d 705 (1967); Harris V. State, 790 S.W. 2d 568, 584 (Tex. Cr. App. 1989); TEX. R. APP. P 81(b)(2)

Seeing that improperly admitted evidence is an abuse of discretion which is a reversible error were it cannot be said beyond a resonable doubt that the evidence Complained of made no Contribution to the Conviction. Just as the many respected Cases stated in this petition the Cause for Mr. Johnson should be reversed and remanded.

## Conclusion

It is respectfully requested that this petition be granted due to Mr. Johnson sentenced being based on Unfounded Prejudicial allegations in violation of his rights to due Process of law, the appellant prays this Court reverse the fourteenth Court of appeals Judgement and remand for a new Sentencing in accordance with the law.

Respectfully — Jonathan Johnson
Submitted    Pro Se
701 San Jacinto, 7B1-01K
Houston, TX 77002

9

## Certificate Of Compliance

In accordance with the Texas Rules of Appellate Procedure, I hereby certify that appellant's petition for discretionary review, filed on June 8, 2015, has 3358 words based upon word count.

Jonathan Johnson
Pro Se
701 San Jacinto, 7B1-01k
Houston, Tx 77002

## Certificate of Service

Appellant has sent a copy of the foregoing instrument to counsel for the State of Texas at the following mailing address:

Katie Davis
Harris County Assistant District Attorney
1201 Franklin, Ste. 600
Houston, Tx 77022

Tim Ballenaee
Harris County Assistant District Attorney
1201 Franklin, Ste. 600
Houston, Tx 77022

Jonathan Johnson
Pro Se
701 San Jacinto, 7B1-01k
Houston, Tx 77002

10

Affirmed and Memorandum Opinion filed March 10, 2015.



In The

# Fourteenth Court of Appeals

NO. 14-14-00209-CR
NO. 14-14-00210-CR

**JONATHAN GLEN JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause Nos. 1377006 & 1377007**

## MEMORANDUM OPINION

Appellant Jonathan Glen Johnson appeals his convictions for aggravated robbery. *See* Tex. Penal Code Ann. § 29.03 (West 2011). In a single issue appellant contends the trial court erred in considering allegations that appellant committed extraneous aggravated robberies in assessing punishment. We affirm.

## BACKGROUND

After being admonished by the trial court appellant pleaded guilty to two counts of aggravated robbery. The trial court withheld a finding of guilt and ordered preparation of a presentence investigation report (PSI).

Prior to pleading guilty, appellant requested notice of the State's intent to introduce evidence "within the ambit" of Texas Rules of Evidence 404(b) and 609, and article 37.07 of the Texas Code of Criminal Procedure. The State responded with notice that it intended to introduce "evidence that the Defendant committed another aggravated robbery at PJ's mini mart at 10533 East Fwy, Houston, Harris County, Texas on August 17, 2013."

After preparation of the PSI, the trial court held a hearing on punishment. At the beginning of the punishment hearing appellant objected to the State's introduction of the extraneous offense because he did not believe the State could prove beyond a reasonable doubt that appellant committed the offense. At that time the trial court withheld a ruling, stating, "I will make a decision if there is sufficient evidence."

At the punishment hearing, Hector Menchaca, Jr. and Chandar Bhatia testified to the facts of the primary offenses. Menchaca testified that the restaurant he and his father own was robbed on February 9, 2013, after closing. While Menchaca and his father were in the back of the restaurant cleaning, appellant came in wearing a mask and carrying a gun. While pointing the gun at Menchaca, his father, and the cook, appellant ordered the cook and Menchaca's father on the floor, and ordered Menchaca to get the money. Appellant also took Menchaca's father's wallet. Menchaca told appellant they had nothing else, and appellant left the restaurant.

On the same night Bhatia was working in a taco truck located on the same street as Menchaca's restaurant. Appellant came to the truck, jumped inside, and pointed a gun at Bhatia. Appellant ordered Bhatia on the floor, then ordered him to open the cash register and place all of the money in a paper bag, which Bhatia did. Appellant told Bhatia, "don't do anything stupid and I'll shoot you."

Pierre Tannous testified concerning the extraneous robberies that occurred on August 17 and 19, 2013. On August 19, 2013, Pierre, his wife, Joyce, and a friend were discussing upgrading the camera system in the store because Joyce had been robbed in the store two days earlier. In reviewing the video from the earlier robbery, on August 17, 2013, Pierre believed that the perpetrator was appellant, who was a regular customer of the store. Pierre told Joyce he was "99 percent sure" the robber was appellant. Pierre did not report the robbery because he had a "doubt, 1 percent" that the robber was appellant.

Pierre further testified that on August 19, 2013, appellant came into PJ's Mini Mart, purchased a lottery ticket, and left. Approximately 15 minutes later, while Pierre was discussing upgrading his security system, a robber pushed the door of the store in and ordered Pierre, Joyce, and their friend to get down on the floor. The robber was pointing a small shotgun at them. The robber threatened to shoot them, and Pierre told Joyce to give him all the money. Pierre identified appellant as the person who robbed him, but was unable to point him out in the courtroom. Pierre followed the robber behind the store, and saw him sitting in a car taking off his bandana, which had covered his face. Pierre made note of the color and make of the car, tried to memorize the license plate, and noted that the car had a broken tail light.

Joyce Tannous did not testify at the punishment hearing, but the parties entered into a stipulation as to what she would have said. As stipulated by

3

appellant, Joyce sold the lottery ticket to appellant on the day of the robbery, and ten minutes later she thought appellant was the same person who came in and robbed her. When shown the photospread, her identification was "very tentative and weak."

Officer David Lane of the Houston Police Department investigated the PJ's Mini Mart robberies. Through Pierre's description of the car and partial license plate number, Lane identified appellant and a female as suspects in the robberies. Lane showed photospreads to both Pierre and Joyce. Both identified appellant as the individual who robbed them on August 17 and 19, 2013.

At the conclusion of the hearing, the trial court sentenced appellant to confinement for 15 years in each case with the sentences to run concurrently.

### EXTRANEOUS OFFENSE EVIDENCE ADMITTED DURING PUNISHMENT

In a single issue appellant contends the trial court erred in considering allegations that appellant committed extraneous aggravated robberies. Specifically, appellant argues the allegations of extraneous robberies were unfounded and so prejudicial that it was a violation of due process for the trial court to have considered them.

We review the decision to admit evidence of an extraneous offense for abuse of discretion. *Thompson v. State*, 425 S.W.3d 480, 490 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). Article 37.07, section 3(a) of the Texas Code of Criminal Procedure provides that evidence as to any matter may be offered during the punishment phase of a trial if the trial court deems it relevant to sentencing. Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a) (West Supp. 2014). Evidence of extraneous crimes or bad acts is admissible if they are shown beyond a reasonable doubt by evidence to have been committed by the defendant or if he could be held

criminally responsible for them, regardless of whether he was previously charged with or finally convicted of the crime or act. *Id.* The Texas Court of Criminal Appeals has held that when a jury determines punishment, the trial court determines the threshold issue of admissibility of relevant evidence during the punishment phase, but the jury, as the finder of fact, determines whether or not the extraneous offenses were proven beyond a reasonable doubt. *Mitchell v. State*, 931 S.W.2d 950 (Tex. Crim. App. 1996). But, when the trial court assesses punishment, the judge acts as factfinder. Therefore, under the reasoning set forth in *Mitchell*, when the court assesses punishment, it may determine that an extraneous offense is relevant to punishment and admit such evidence, but the court may then only consider the extraneous offense in assessing punishment if it finds that the offense was proven beyond a reasonable doubt. *Williams v. State*, 958 S.W.2d 844, 845 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd).

Appellant argues that Joyce and Pierre Tannous were unable to identify appellant as the perpetrator. Both Pierre and Joyce identified appellant in a photospread shortly after the robberies. Pierre was unable to identify appellant in the courtroom. Pierre testified that his difficulty in the courtroom came from his inability to see appellant from the witness stand. Pierre had seen appellant earlier that day at the courthouse and identified the clothing he had been wearing. Pierre also testified that he was "99 percent sure" it was appellant who robbed his wife in the convenience store.

Article 37.07, section 3(a) specifically allows the introduction of extraneous offenses or prior bad acts into evidence during the punishment phase of a case as long as the court deems such matters relevant to sentencing. *Mitchell*, 931 S.W.2d at 953. There is no indication in the record that the trial court considered the extraneous offenses without determining whether they had been proven beyond a

reasonable doubt. The judge stated only that he would make a decision if there was sufficient evidence. The judge did not say if he had determined whether the extraneous offenses or bad acts were proven beyond a reasonable doubt, or if he considered the extraneous offenses or bad acts in assessing appellant's punishment. Because there is no evidence the trial court considered improper evidence in arriving at appellant's sentence, we overrule appellant's sole issue. *See Williams v. State*, 958 S.W.2d at 845 (finding no error in introduction of extraneous offense testimony when trial court assesses punishment if no indication that the court considered the evidence in assessing punishment).

We affirm the trial court's judgment.


/s/    Ken Wise
       Justice


Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

Jonathan Johnson Schuster 40641 Johnson
11019 WoodShadows
Houston Tx 77013

CERTIFIED MAIL

7015 0640 0007 5339 2035

JUN - 8 2015
LANGARA JORDAN P C
HOUSTON TX 77055

1039561

Court of Criminal Appeals
P. O. Box 12308
Austin, Tx 78711


1000


78711

U.S. POST
PAID
HOUSTON
77002
JUN 08 1
AMOUN
$8
R2304M1